IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DOYLE MURPHY,

    Petitioner,

  v.

GARRETT LANEY,

    Respondent.

Case No. 6:18-CV-01697-JE

FINDINGS AND RECOMMENDATION

    Robert Doyle Murphy
    4167482
    Oregon State Correctional Institution
    3405 Deer Park Drive SE
    Salem, Oregon 97310-9385

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    James M. Aaron, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the Oregon Board of Parole and Post-Prison Supervision's ("Board's") 2016 decision deferring his release for 24 months. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## **BACKGROUND**

In 1976, Petitioner was convicted of Murder and sentenced to life in prison with the possibility of parole. In 2007, the Board released him to parole which it revoked the following year, finding that he could not be adequately controlled in the community. Respondent's Exhibit 103, p. 291.

The Board released Petitioner to parole again in 2012, but a November 10, 2015 arrest prompted the Board to once again revoke his parole. The Board held a future disposition hearing on March 15, 2016 where it concluded that Petitioner could not be adequately controlled in the community. It therefore denied him re-release to parole and set a new parole release date of November 9, 2017. Respondent's Exhibit 103, pp. 291-92.

Petitioner administratively appealed the Board's actions, but the Board adhered to its decision. Petitioner next sought judicial review, but the Oregon Court of Appeals affirmed the Board's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Murphy v. Board of Parole and Post-Prison Supervision,* 291 Or. App. 250, 416 P.3d 1106, *rev. denied,* 363 Or. 390, 434 P.3d 33 (2018).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on September 21, 2018 and argues three due process claims:

> 1. The Board's decision not to continue his release was arbitrary and capricious insofar as the Board based its decision on the wrong rules and stale psychological evaluations, and did not connect its facts with its conclusions;
>
> 2. The Board improperly deferred his release for 24 months when it relied upon evidence that lacked indicia of reliability and denied him the opportunity to be heard; and
>
> 3. The Board did not base its decision to defer his release to parole on "some evidence."

Respondent asks the Court to deny relief on the Petition because the underlying decision denying relief is neither contrary to, nor an unreasonable application of, clearly established federal law.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule

that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A federal habeas court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that

will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the federal court independently reviews the record, it still lends deference to the state court's ultimate decision and will only grant habeas relief if the state court's decision was objectively unreasonable. *Harrington v. Richter,* 562 U.S. 86, 98 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

II. **Analysis**

Petitioner argues that the Board's decision to revoke his parole and defer his release violates the due process principles espoused in *Superintendent v. Hill*, 472 U.S. 445 (1985) and *Wolff v. McDonnell*, 418 U.S. 539 (1974). While these cases outline procedural and substantive due process protections, such protections in the context of of state parole decisions are quite limited. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011)

(internal citation omitted). When a state creates a liberty interest in parole as Oregon has, *Miller v. Oregon Board of Parole and Post-Prison Supervision,* 642 F.3d 711, 715-16 (9th Cir. 2011), the only federal constitutional requirements are that the inmate be given an opportunity to be heard and provided with a statement of reasons as to why his parole was denied. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). These minimal procedural protections constitute "the beginning and the end of the federal habeas courts' inquiry. . . ." *Swarthout v. Cooke*, 562 U.S. at 220.

In this case, the Board provided Petitioner with notice of his hearing, an explanation of his rights, and allowed him the opportunity to provide a written statement as well as to testify orally at the hearing. Respondent's Exhibit 103, pp. 7-13, 181-86. The Board also advised Petitioner as to the reasons underlying the deferral of his parole orally and in writing. *Id* at 234-36, 238-41. In response to Petitioner's administrative appeal, the Board provided additional explanation for its decision. *Id* at 282-92. In this respect, the Board complied with the due process requirements as set out by *Cooke*.

Petitioner argues that his due process protections should be greater than those identified in *Cooke,* however, and that Respondent's reliance on *Cooke* and *Greenholtz* is misplaced. He notes that *Cooke* involved California parole statutes and rules, and that *Greenholtz* involved the Nebraska parole system. He contends that Oregon's parole system is distinct from the systems administered by California and Nebraska and urges this Court not

to apply *Cooke* but, instead, to apply *Stogsdill v. Board of Parole and Post-Prison Supervision*, 342 Or. 332 (2007), a decision that predated *Cooke* by four years.

As discussed in the Standard of Review section above, federal habeas corpus relief may only be granted if a state court's decision runs afoul of a holding by the U.S. Supreme Court, and does so in a way that is so unreasonable that no fairminded jurist could agree with the state court. 28 U.S.C. § 2254(d); *Richter*, 562 U.S. at 102. In this respect, *Cooke,* not *Stogsdill,* controls the inquiry in this case. As discussed above, the Board complied with the due process requirements identified by *Cooke* by providing Petitioner with an opportunity to be heard and a statement of reasons as to why it decided to defer his parole. Accordingly, upon an independent review of the record, the Oregon Court of Appeals' decision was not unreasonable and habeas corpus relief is not warranted.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be denied and a judgment should be entered dismissing this case with prejudice. The Court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If

no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this <u>18th</u> day of November, 2019.

s/ John Jelderks<br>
John Jelderks<br>
United States Magistrate Judge